**STATE of Minnesota, Appellant,**

v.

**David Alan BRECHLER, Respondent.**

**No. C0–87–801.**

Court of Appeals of Minnesota.

Sept. 22, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Paul G. Morreim, Freeborn County Atty., Albert Lea, for appellant.

James E. Broberg, Albert Lea, for respondent.

Heard, considered and decided by FOLEY, P.J., and PARKER and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

David Brechler was arrested for possession of cocaine and marijuana. The trial court granted Brechler's motion to suppress evidence seized from the stopped car in which he was a passenger. We affirm.

## FACTS

In December 1986 about 8:20 p.m., Sheriff's Deputies Ron Deckard and Gerhard Wehr were on routine patrol, northbound on U.S. 65, just north of Glenville, when they passed a southbound car which they saw swerve within its lane of travel. Deckard turned and followed the car, staying about one car length behind. The car pulled into a gas station and stopped with the patrol car behind it. The officers then turned on their flashing red lights and takedown lights. The gas station was visibly closed.

Deckard testified he saw Brechler, the passenger, moving around "furtively" and bending over. The deputies approached the car.

Wehr walked to the passenger's side and, with the aid of a flashlight, saw a six pack of beer behind the passenger seat. He removed the six-pack from the car. Five bottles were empty, and the sixth bottle was open and had about a half cup of beer in it.

When Wehr asked Brechler to step out, he saw a marijuana cigarette lying on the passenger seat, and a mirror protruding from under the passenger's seat. Wehr examined the mirror and found a line of white powder and a razor blade on it. At that point, Brechler was placed under arrest. A cursory search of the car yielded a marijuana pipe and lighter in a compartment by the shift lever. Brechler was taken to the Law Enforcement Center, where

a jailer searched him and found a paper containing white powder which the BCA analyzed as containing methamphetamine (speed). The powder on the mirror contained cocaine.

## ISSUES

Was the evidence suppressed by the trial court the result of an illegal investigatory stop?

## ANALYSIS

The fourth amendment applies to seizures of the person, including brief investigatory stops such as the stop of the vehicle in this case. A limited investigative stop is lawful if the officer is able to articulate that he had a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981).

The police saw only that a car swerved on the road. The car neither left the road nor crossed the center line, but stayed in its lane. There was no driving conduct suggesting criminal activity. Based on that single observation, the police turned around and followed at about one car length. All that subsequently followed could easily be inferred to have been engendered by the presence of a police car in such proximity.

The trial court could conclude that the occupants of the car, aware that they were under close scrutiny, slowed, signaled for more than one possible turn and then chose a closed gas station as a stopping place in response to the presence of the tailgating police; they had not met the test of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

As recently as December 1986, our Court of Appeals said:

A police officer may make an investigatory stop if, considering the totality of the circumstances, he has a particularized and objective basis for suspecting the person stopped of criminal activity.

*Schull v. Commissioner*, 398 N.W.2d 11, 14 (Minn.Ct.App.1986).

The police did not order the driver to stop, because they did not need to; their extremely close presence could have precipitated the stop. What followed was a seizure; once the flashing red lights and "take down" lights were activated, the occupants of the car were no longer free to leave.

After seeing only a swerve, the officers engendered a stop that was the product of whim and caprice. Because the stop was improper, all that followed, including the search of the vehicle and the seizure of the controlled substance, was done in violation of Brechler's fourth amendment rights.

## DECISION

The trial court's order that the fruits of the search be suppressed is affirmed.

Affirmed.