**STATE of Minnesota, Respondent,**

**v.**

**Karen Joy DALOS, Appellant.**

**No. C6–01–261.**

Court of Appeals of Minnesota.

Nov. 6, 2001.

Mike Hatch, Attorney General, St. Paul, MN; and Michael D. Fritz, Assistant Becker County Attorney, Detroit Lakes, MN, (for respondent).

Richard E. Edinger, Aaland Law Office, Fargo, ND, (for appellant).

Considered and decided by HANSON, Presiding Judge, RANDALL, Judge, and STONEBURNER, Judge.

## OPINION

HANSON, Judge.

On appeal from a DWI conviction, appellant contests the district court's denial of her motion to suppress evidence. Appellant argues that the district court erred in ruling that the trooper had a reasonable articulable suspicion to stop appellant based on the time of day and her driving behavior, where appellant was driving below the speed limit and was weaving within her own lane. We affirm.

## FACTS

Early one morning a highway trooper noticed a vehicle weaving within its lane. It was shortly after 2:00 a.m., and the vehicle was traveling at 45 miles per hour in a 55 mile per hour speed zone. The trooper stopped the vehicle because he suspected the driver was intoxicated. The trooper issued a citation to the driver, appellant Karen Joy Dalos, for DWI.

Dalos filed a motion to suppress all evidence obtained against her after the stop, arguing that the stop was illegal. At the suppression hearing the trooper testified as follows:

> I stopped [Dalos] based on my observations number one, the vehicle's speed was well below the posted speed limit and number two, the [vehicle] was weaving noticeably within the traffic lane * * *. Based on my training and experience, these two things are very good indicators, particularly given the time of day, of a driver who may be under the influence of alcohol or something else.

The district court denied Dalos' motion to suppress, and ruled that the trooper had a reasonable articulable suspicion to stop Dalos based on her driving behavior, the time of day, and the trooper's experience with alcohol-impaired drivers.

Dalos filed a Lothenbach stipulation, preserving her right to appeal the district court's denial of her motion to suppress. The district court tried and convicted Dalos based on the stipulated facts, and this appeal followed.

## ISSUE

Did the district court err by denying Dalos' motion to suppress evidence based on its finding that the trooper had a reasonable articulable suspicion that Dalos was violating the law when he stopped Dalos?

## ANALYSIS

■ When an appellate court reviews a district court's order on a motion to suppress evidence, the reviewing court may independently review the facts and determine, as a matter of law, whether the evidence need be suppressed. *State v. Harris*, 590 N.W.2d 90, 98 (Minn.1999).

■ The factual basis required to support a traffic stop for a routine traffic check is minimal, but the stop must not be the product of "mere whim, caprice, or idle curiosity." *State v. Johnson*, 257 N.W.2d 308, 309 (Minn.1977). Instead, it must be based on "specific and articulable facts which, taken together with the rational

inferences from those facts, reasonably warrant [the] intrusion." *State v. Pike,* 551 N.W.2d 919, 921–22 (Minn.1996) (quoting *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968)). The officer's assessment is based on all the circumstances and the officer "draws inferences and makes deductions * * * that might well elude an untrained person." *Appelgate v. Comm'r of Pub. Safety,* 402 N.W.2d 106, 108 (Minn.1987) (citation omitted). These circumstances include the officer's general knowledge and experience, the officer's personal observations, the nature of the offense suspected, the time, the location, and anything else that is relevant. *Id.*

■ Dalos argues that neither her vehicle's reduced speed nor her vehicle's swerving within its own lane was sufficient to provide the highway trooper with a reasonable articulable suspicion to justify the traffic stop. Because we conclude that weaving within one's own lane continuously is enough, by itself, to provide a reasonable articulable suspicion, we affirm.

Dalos argues that weaving within one's own lane of traffic does not create a sufficient basis to justify a traffic stop, relying on this court's decision in *State v. Brechler,* 412 N.W.2d 367 (Minn.App.1987). In *Brechler,* the officer observed a vehicle swerve once within its own lane. *Id.* at 369. This court held that a single swerve was insufficient to establish a reasonable articulable suspicion. *Id.* Dalos suggests that "swerving" is more violent than "weaving," and if "swerving" does not form a sufficient basis to justify a stop, "weaving" likewise cannot.

■ However, this court's focus in *Brechler* was not on the level of violence the officer observed in the vehicle's movement; it was instead on the fact that the officer observed only *one* such movement. Here, the trooper observed Dalos' vehicle weave

continuously for a distance of approximately .5 miles. We hold that continuous weaving within one's own lane is sufficient by itself to create a reasonable articulable suspicion of criminal activity to support a traffic stop.

## DECISION

Because the highway trooper observed Dalos' vehicle weaving continuously, the trooper had a reasonable articulable suspicion justifying a traffic stop. The district court did not err when it denied Dalos' motion to suppress the evidence obtained as a result of that stop.

**Affirmed.**